UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTIAN ISMAEL FERNANDEZ ZHICAY,

        Petitioner,

    v.

MICHAEL BALL, *et al.*,
        Respondents.

26-CV-6551-MAV

**ORDER**

---

On May 18, 2026, Petitioner Christian Ismael Fernandez Zhicay ("Petitioner"), a civil immigration detainee formerly held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, filed a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241. ECF No. 1, 3. After considering Respondents' return on the Court's Order to Show Cause, as well as Petitioner's reply, the Court issued an order on June 10, 2026, finding that the statutory basis for Petitioner's detention is 8 U.S.C. § 1226(a), and directing that Petitioner be provided with an initial bond hearing "as established by existing federal regulations." ECF No. 8 (the "June 10 order").

Consistent with the Court's order, a bond hearing was held before Immigration Judge Ralph Girvin ("the IJ") on June 16, 2026. ECF No. 9 at 2–3. The IJ denied Petitioner's release on the grounds that he had not met his burden of demonstrating he was not a flight risk. *Id.* at 2. Thereafter, Petitioner filed a motion in this Court contending that the bond hearing did not comply with the June 10 order. ECF No. 11. Respondents filed a transcript of the bond hearing, as well as papers in opposition. ECF Nos. 13–14. For the reasons set forth in this Order, the Court finds that

1

Petitioner has failed to demonstrate that the bond hearing did not comply with the June 10 order.

## DISCUSSION

Petitioner contends that despite the proceeding that occurred before the IJ on June 16, Respondents have failed to comply with the Court's June 10 order because the outcome or decision at the June 16 hearing was "preordained or pretextual." ECF No. 11 at 1. He also argues that the IJ's decision was in error because he did not consider the danger factor, and the IJ "blatantly stated in the order that in the alternative *Yajure Hurtado* (Mandatory detention) applied," which is inconsistent with the Second Circuit's binding precedent in *Da Cunha v. Freden. Id.* at 2.

### I. Legal Principles

At the outset, the Court notes that "[i]t would be inappropriate to consider any new constitutional claims" that Petitioner may be attempting to raise in his motion to enforce, even if they are based on his bond hearing. *Enoh v. Sessions*, No. 16-CV-85(LJV), 2017 WL 2080278, at *3 (W.D.N.Y. May 15, 2017). "[N]ew claims based on the new [hearing] need to be raised in a new petition." *Id.* Indeed, the Court's task on a motion to enforce is narrow: it is neither to consider new constitutional claims nor to review the hearing evidence de novo, but to determine whether Respondents complied with the Court's order. *See, e.g., Blandon v. Barr*, 434 F. Supp. 3d 30, 38 (W.D.N.Y. 2020) (collecting cases to emphasize the narrow scope of the court's focus).

In that regard, other courts in this District have identified two ways to challenge whether the adjudicator applied the correct standard of proof: (1) that the

evidence itself could not, as a matter of law, have supported the adjudicator's conclusion, and (2) that the adjudicator did not apply the correct standard to the facts. *Tucker*, 2023 WL 3267085 at *5 (quoting *Hechavarria*, 358 F. Supp. 3d at 240).

## II. The IJ's Decision(s) in the Present Case

Bearing the foregoing principles in mind, the Court has carefully considered the parties' papers and the transcript of the June 16, 2026 proceeding. After a thorough review, the Court finds that Petitioner has failed to demonstrate that the IJ did not comply with the June 10 order. The IJ both applied the proper standard and considered permissible factors in concluding at the hearing that Petitioner had not met his burden to demonstrate he was not a flight risk.

"Under the regime fashioned by the INS and BIA, a noncitizen detained under § 1226(a) is subject to detention unless that person is able to show 'to the satisfaction of the Immigration Judge that he or she merits release on bond.'" *Velasco Lopez v. Decker*, 978 F.3d 842, 849 (2d Cir. 2020) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); citing also *Matter of Fatahi*, 26 I. & N. Dec. 791, 795 n.3 (B.I.A. 2016)). The Immigration Judge has broad discretion to consider a number of factors to determine whether the detainee merits release. *Matter of Guerra*, 24 I. & N. Dec. at 40. These factors include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's

3

criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Id.* In addition, the IJ may consider the alien's potential eligibility for relief from removal as a reflection on the risk of flight. *See, e.g., Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 215 (BIA 2025) (finding the possibility of relief to be "speculative," citing *Matter of Andrade*, 19 I. & N. Dec. 488, 491 (BIA 1987)).

As an initial matter, the Court notes that the IJ was not required to consider the "danger factor," as Petitioner suggests. "In general, an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond [i.e., a 'risk of flight'], *or* otherwise a poor bail risk." *Matter of Guerra*, 24 I & N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)) (emphasis added). This list is disjunctive, so the IJ only had to find one of these factors to justify continued detention without bond.

Further, in finding that Petitioner failed to meet his burden to show that he was not a flight risk, the IJ applied the proper standard and considered permissible factors. Specifically, the IJ observed that Petitioner's final hearing on his asylum claim was in "just three weeks," and found that his eligibility for relief at that hearing was "absolutely speculative" due to the low merit of his claim. ECF No. 13 at 5. Petitioner does not contest the IJ's characterization of his asylum claim, and – as stated above – potential eligibility for relief from removal is a legitimate consideration

when evaluating the risk of flight. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. at 215.

Lastly, while the Court agrees with Petitioner's assessment regarding the inconsistency between the Board of Immigration Appeals' decision in *Hurtado* and the Second Circuit's decision in *Da Cunha,* the IJ's alternative justification for his decision is irrelevant. The IJ found that Petitioner was a flight risk based on the legitimate consideration of the relatively low merit of his asylum claim and "absolutely speculative" nature of his potential eligibility for relief from removal. This finding was sufficient to justify the IJ's denial of bond.

In short, in compliance with this Court's June 10, 2026 order to provide Petitioner with a bond hearing under "existing regulations," the IJ here applied the proper standard, and considered permissible factors. Petitioner's motion to enforce [ECF No. 11] is therefore DENIED.

SO ORDERED.

Dated:     July 27, 2026
           Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge